

CLOSED
CIVIL
CASE

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number:  04-20813-CIV-MORENO**

ANDRES PELIX, WADY CRUZ, JOSE
ROLLINS, and all similarly situated individuals,

    Plaintiffs,

vs.

UNITED TOLL SYSTEMS, LLC,

    Defendant.

_____/



FILED by _____ D.C.

MAY 1 9 2004

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S. D. OF F' A.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION

THIS CAUSE came before the Court upon Defendant's Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration **(D.E. No. 2)**, filed on **April 6, 2004**. Defendant urges the Court to compel arbitration. For the reasons set forth below, the Court GRANTS Defendant's motion to compel arbitration.

## I.    BACKGROUND

Plaintiffs are employees of Defendant United Toll Systems, LLC.  The instant action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, for the recovery of unpaid overtime wages, liquidated damages, interest, attorneys' fees and costs.  Complaint ¶ 1.  Each Plaintiff entered into contracts of employment with Defendant.  Ott Affidavit ¶¶ 7-8.  These contracts of employment included arbitration clauses which provide in pertinent part:

> Any controversy or claim arising out of or relating to this Agreement, or its breach, shall be settled by arbitration in accordance with the rules of the American Arbitration Association using one arbitrator, and judgment upon any award rendered by the arbitrator may be entered in any court having jurisdiction. The arbitration proceedings shall be held in Montgomery, Alabama.  This provision for arbitration shall be interpreted, construed and governed

according to Federal law.[1]

Plaintiffs initially filed their complaint on March 10, 2004 in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida. Defendant removed the action to this Court on April 6, 2004. Simultaneously with removal, Defendant filed its motion to compel arbitration. Plaintiffs have filed no response in opposition to Defendant's motion.

## II.   ANALYSIS

Section 4 of the Federal Arbitration Act (the "FAA") provides that a party "aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4 (2002). In enacting the FAA, Congress established a strong federal policy in favor of arbitration agreements. *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . . . " *Moses H. Cone Mem'l. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983).

In view of the strong federal policy in favor of arbitration and the well-established case law underscoring this policy, the presence of arbitration clauses in the Plaintiffs' contracts of employment leaves the Court no conclusion but to compel arbitration.

## III.   CONCLUSION

Because of the inclusion of arbitration clauses in the Plaintiffs' contracts of employment and the Plaintiffs' failure to respond to Defendant's motion to compel arbitration, the Court is convinced that compelling arbitration in accordance with the parties' agreement is appropriate. Accordingly,

---

[1]See Defendant's Motion to Compel Arbitration, ¶ 3.

it is

     **ADJUDGED** that Defendant's Motion to Compel Arbitration and to Stay Proceedings

Pending Arbitration **(D.E. No. 2)**, filed on <u>**April 6, 2004**</u> is **GRANTED**.  It is further

     **ADJUDGED** that this action is hereby **STAYED** pending arbitration.

     DONE AND ORDERED in Chambers at Miami, Florida, this *18* day of May, 2004.

                                   FEDERICO A. MORENO
                                   UNITED STATES DISTRICT JUDGE

Copies provided to:

Alan Rosenthal, Esq.
Elizabeth Graddy, Esq.
**ADORNO & YOSS, P.A.**
2601 South Bayshore Drive
Suite 1600
Miami, Florida 33133

Jeffrey I. Jacobs, Esq.
5975 Sunset Drive
Suite 801
Miami, Florida 33143